UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2004 JAN -8  P 12: 26

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| YOLANDA SANTIAGO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:00CV2386 (WIG) |
| | : | |
| VS. | : | |
| | : | |
| CITY OF HARTFORD; | : | |
| HARTFORD POLICE DEPARTMENT | : | |
| OFFICER JULIO CAMACHO | : | |
| Defendants | : | JANUARY 6, 2004 |

## MOTION FOR EXTENSION OF TIME TO FILE
## LOCAL RULE 56(a)2 STATEMENT

The plaintiff, Yolanda Santiago, in the above captioned case, hereby respectfully requests an extension of time of ten (10) days or until January 16, 2004, in which to file her Local Rule 56(a)2 Statement. The reason for said request is that Plaintiff's counsel did not receive a copy of Defendants City of Hartford and Hartford Police Department's Local Rule 56(a)1 Statement when they filed their Motion for Summary Judgment. Plaintiff's counsel received a copy of said statement form the Defendants via facsimile on January 5, 2004. (Attached as Exhibit A). Therefore, the Plaintiff respectfully requests an extension of time in order to respond to Defendants' Local Rule 56(a)1 Statement and file her Local Rule 56(a)2 Statement.

THE PLAINTIFF,
YOLANDA SANTIAGO

BY: _____
Angelo Cicchiello
Law Offices of Angelo Cicchiello
364 Franklin Ave.
Hartford, CT 06114
(860)296-3457
Federal Bar No. ct 06503

## **CERTIFICATION**

I hereby certify that the foregoing was sent via first class U.S. Mail this 6th day of January, 2004 to the following counsel of record:

William J. Melley III, Esq.
250 Hudson Street
Hartford, Connecticut  06106

Brian P. Leaming, Esq.
Halloran & Sage LLP
One Goodwin Square
Hartford, Connecticut  06103

_____
Angelo Cicchiello, Esq.

# EXHIBIT A

# HALLORAN
# &SAGE LLP
ATTORNEYS AT LAW

BRIAN P. LEAMING  Direct 860 297-4655  leaming@halloran-sage.com

## FAX COVER SHEET

**TO:**                ATTN: COLLIN OF ANGELO CICCHIELLO'S OFFICE

**FROM:**           BRIAN P. LEAMING

**FAX NUMBER:**   296-0676

**FILE NUMBER:**   05645.0570

**DATE:**              1/05/04

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET):**        7

**MESSAGE:**

**O**RIGINAL WILL NOT FOLLOW xxx

**O**RIGINAL WILL FOLLOW BY REGULAR U.S. FIRST CLASS MAIL ____ OTHER

WE ARE TRANSMITTING FROM A CANON CFX-L4000. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (860) 522-6103.

CONFIDENTIALITY: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND IS PRIVILEGED AND CONFIDENTIAL. ANY DISSEMINATION, DISTRIBUTION, OR COPY OF THIS COMMUNICATION OTHER THAN TO THE INDIVIDUAL OR ENTITY NAMED ABOVE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE (AND ANY COPIES) TO THE SENDER ABOVE. THANK YOU FOR YOUR ASSISTANCE.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YOLANDA SANTIAGO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:00CV2386 (WIG) |
| | : | |
| VS. | : | |
| | : | |
| CITY OF HARTFORD; | : | |
| HARTFORD POLICE DEPARTMENT; | : | |
| OFFICER JULIO CAMACHO | : | |
| Defendants | : | SEPTEMBER 18, 2003 |

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, the defendants, City of Hartford and Hartford Police Department, submit the following statement of material facts to which there are no genuine issues to be tried.

1.  In December 1997, the plaintiff, Yolanda Santiago, was a resident of Rocky Hill, Connecticut. **Exh. A**, p. 61, lines 22-24; p. 62, lines 1-12.

2.  The defendant, City of Hartford, is a municipal corporation in the State of Connecticut.

3.  In December 1997, Julio Camacho was employed as a police officer of the City of Hartford. *Complaint*, ¶ 4; **Exh. D**, *Memo re: Camacho Resignation*.

4.  The plaintiff has alleged in the present lawsuit that during the week before Christmas of 1997, Officer Camacho was sexually assaulted or while on duty. *Complaint*, First Count; **Exh. A**, p. 57, lines 15-24; p. 130, lines 15-22.

5. On or about August 2000, the plaintiff claims she Camacho on a television news program. **Exh. A**, p. 88, lines 19-23; *Complaint*, First Count, ¶ 27.

6. The television program reported that Camacho was being "arrested" with murder. **Exh. A**, p. 93, lines 2-6.

7. In her deposition, the plaintiff initially testified that she never mentioned the incident with Camacho after the alleged sexual in December 1997 until the broadcast of the television news program sometime in August 2000. Id., p. 88, lines 19-23.

8. The plaintiff changed her testimony to state that one or two months after the incident she called the Hartford Police Department to report the alleged sexual assault. Id., pp. 89-92.

9. In December 1997, the plaintiff did not know Camacho by his name. Id., p. 70, lines 7-10.

10. On the date of the television news broadcast, the plaintiff called the Hartford Police Department to report that Officer Camacho had sexually assaulted her. Id., p. 93, lines 2-6.

11. When she called, the plaintiff spoke to a male police officer who asked if they could dispatch immediately an officer to interview her. Id., lines 12-17. The plaintiff expressed her reluctance to have a police officer come to her residence that

- 2 -

late in the evening, but early the next morning, agents from the Federal Bureau of Investigation ("FBI") arrived unannounced at her residence in Rocky Hill to interview her. Id., lines 20-24.

12.  Camacho resigned from the Hartford Police Department effective October 28, 1998. **Exh. D**.

13.  From January 1993 to December 1998, the Hartford Police Department received fourteen (14) allegations or complaints against Hartford police officers for some type of sexual misconduct. **Exh. C**, *Dryfe Aff.*, ¶¶ 8-10.

14.  Of the fourteen (14) allegations, nine (9) involved the off-duty conduct of a police officer. Id., ¶ 8.

15.  Each of the allegations was investigated by either the Internal Affairs, Major Crimes or Youth Services Divisions of the Hartford Police Department. Id.

16.  One of the complaints involved former Hartford Police Officer Julio Camacho. Id., ¶ 9.

17.  The 1994 complaintant against Camacho ("I-94-6") alleged that at approximately 2:00 a.m. on January 26, 1994, Officer Camacho responded to a burglary complaint. Id., ¶ 9.

- 3 -

18. The complainant alleged further that while Officer Camacho was conducting his investigation, he forced himself on her, kissing her twice and touching her breasts. Id.

19. On January 31, 1994, a Sergeant in the Internal Affairs Investigation was assigned to conduct an investigation. Id.

20. During the course of the investigation, the investigator was unable to corroborate the allegations made by the complainant. The following factors were identified by the investigator. First, the complainant had an order of marijuana on her each time she was interviewed calling into question whether she was in an impaired state of mind during the incident and subsequent interviews. Second, the complainant may have been suffering from a mental illness based upon past admissions to the hospital for psychiatrist treatment and reports of suicide attempts. Third, the complainant lied to her employer regarding the investigation. Fourth, when interviewed, she appeared confused and would alter her account of the incident each time she related it to the investigator. The complaint was thereafter closed as unfounded. Id. ¶ 9.

21. Of the thirteen (13) remaining allegations, the investigations resulted in police officers being arrested for six (6) of those complaints. Of the remaining seven (7) investigations the following occurred: (1) the complainant could not identify the perpetrator who she believed to be a police officer, although he was not in uniform and not otherwise

- 4 -

identifiable as a police officer; (2) the investigation was closed when the complainant changed her testimony; (3) the compliant did not involve criminal conduct, but the officer was charged with Conduct Unbecoming an Officer for attempting to initiate a sexual relationship with a high school student causing him to resign before disciplinary action was administered; (4) the investigation involved two off-duty Hartford police officers who engaged in consensual sexual activity in a public place resulting in discipline for Conduct Unbecoming and Officer; (5) the complaint was Not Sustained based the evidence obtained; (6) the complaint was closed administratively when the alleged victim denied any sexual relationship with the officer; and (7) the investigation was closed when the purported victim refused to cooperate with the investigation. Id. ¶ 10.

DEFENDANTS,<br>
CITY OF HARTFORD<br>
HARTFORD POLICE DEPARTMENT<br><br>
BY: _____<br>
Brian P. Leaming, Esq.<br>
Fed. Bar No. ct 16075<br>
HALLORAN & SAGE LLP<br>
One Goodwin Square<br>
Hartford, CT  06103<br>
Tele: (860) 522-6103

## CERTIFICATION

This is to certify that on this 18th day of September, 2003, the foregoing was either mailed, postpaid, or hand-delivered to:

Angelo Cicchiello, Esq.
Law Offices of Angelo Cicchiello
364 Franklin Avenue
Hartford, CT 06114

William J. Melley III, Esq.
250 Hudson Street
Hartford, CT 06106

Brian P. Leaming

876.1(HS-FP)

- 6 -