IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| YOLANDA SANTIAGO,<br>    Plaintiff, | :<br>:   CIVIL ACTION NO.<br>:   3:00-CV-2386 (WIG) |
| VS. | : |
| CITY OF HARTFORD,<br>HARTFORD POLICE DEPARTMENT,<br>OFFICER JULIO CAMACHO,<br>    Defendants. | :<br>:<br>:<br>:   AUGUST 16, 2004 |

### CITY OF HARTFORD'S MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7(c), the co-defendant, the City of Hartford, hereby moves for reconsideration of the Court's August 2, 2004 Ruling denying Hartford's motion for summary judgment. In support of its motion, Hartford has submitted a memorandum of law. For the reasons set forth in detail in Hartford's memorandum, the Court should grant reconsideration and enter summary judgment in favor of Harford.

In sum, Hartford's memorandum of law advances eleven principal claims in support of its motion for reconsideration. For its first claim, Hartford argues that the August 2 Ruling overlooked the case law governing claims against municipalities under 42 U.S.C. § 1983 and that under that case law, summary judgment should have been granted in favor of Hartford on all of the plaintiff's claims. (Hartford's 8/16/04 Mem. of Law, at 5-16) In particular, Hartford contends that the Court overlooked the Second Circuit's March 15, 2004 decision in Amnesty America v. Town of West Hartford, 361 F.3d 113 (2d Cir. 2004). In Amnesty America, the

**ORAL ARGUMENT REQUESTED**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Second Circuit recognized that it is "impossible to prevail" on a failure to train claim without any evidence as to *inter alia* how the training was conducted, how better or different training could have prevented the challenged conduct, or how a hypothetically well-trained officer would have acted under the circumstances. <u>Amnesty America</u>'s reasoning which recognizes that a plaintiff asserting a claim under <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) must produce evidence in order to survive summary judgment, applies with equal force to the plaintiff's failure to supervise/investigate/discipline claim and requires the entry of summary judgment on all of the plaintiff's claims.

For its second claim, Hartford contends that by its August 2 Ruling, the Court has excused the plaintiff from having to satisfy the strict standards established by the Supreme Court to govern claims against municipalities under § 1983. <u>See</u> <u>Monell</u>, <u>supra</u>. As a result, this case is poised to be submitted to a jury on no evidence, other than the plaintiff's testimony that she was assaulted by a former Hartford police officer. By excusing the plaintiff from having to produce any of the requisite evidence regarding Hartford's alleged policies or customs, the Court is exposing Hartford to the *respondeat superior* liability prohibited under <u>Monell</u>. (Hartford's 8/16/04 Mem. of Law, at 8-19)

As the Court itself acknowledged, the plaintiff produced none of the evidence required to establish a <u>Monell</u> claim. However, instead of granting Hartford's summary judgment motion as required under <u>Amnesty America</u> and Supreme Court precedent, the Court admonished Hartford for not producing the very evidence that the plaintiff was obligated to produce. By doing so the

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

court incorrectly shifted the burden of proof to Hartford. Consequently, this error should be corrected on reconsideration.

For its third claim, Hartford argues that with regard to the issue of deliberate indifference, the plaintiff did not produce any evidence to satisfy any of the three prongs under Walker v. City of New York, 974 F.2d 293 (2d Cir. 1992). The Court's conclusions that: (1) the plaintiff had the burden to establish the three prongs under Walker and (2) she produced no evidence – mandated the granting of Hartford's motion for summary judgment. Contrary to the August 2 Ruling, Hartford was not required to provide evidence regarding its policies for training officers to avoid sexual misconduct or its policies for disciplining sexual misconduct. (8/2/04 Ruling, at 17) Under Amnesty America, and Fed. R. Civ. P. 56(e), the plaintiff was obligated to produce the evidence needed to support the essential elements of her claim, including the issue of deliberate indifference. Absent such evidence, it is "impossible" for the plaintiff to prevail in her Monell claim. (Hartford's 8/16/04 Mem. of Law, at 13, 16-17)

For its fourth claim, Hartford argues that the Court has overlooked the fact that the failure in Santiago's evidence was the result of her strategic decisions regarding what discovery she would pursue. Hartford should not be penalized because of those decisions. Nor should the Court allow the plaintiff to undertake discovery for the first time during the midst of a jury trial. (Hartford's 8/16/04 Mem. of Law, at 17-18)

For its fifth claim, Hartford contends that the Court erred in denying its motion for summary judgment because the plaintiff failed to produce any evidence demonstrating a causal connection between the alleged (but unidentified) municipal policy or custom and the alleged

3

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

constitutional violation. (Hartford's 8/16/04 Mem. of Law, at 18-19) The plaintiff does not contend that Hartford's police training program authorizes its officers to assault citizens; rather, her argument (as articulated by the August 2 Ruling) is that the (yet to be identified) methods taught in Hartford's training program were inadequate (in a yet to be identified manner), and that if the co-defendant, former Officer Julio Camacho, had received more or different training (the details of which have yet to be identified), he would not have engaged in the alleged unconstitutional conduct. Her theory on the failure to supervise/investigate/discipline claim is the same. Under both of these theories however, Hartford's motion for summary judgment should have been granted.

Putting aside the complete failure in the plaintiff's proof of evidence and her admissions in her Local Rule 56(a)2 Statement, the Court overlooked the fact that any number of other factors were also in operation that were equally likely to contribute or play a predominant part in the bringing about of the alleged constitutional injury: the disposition of the officer at issue, the extent of his experience with similar incidents, to conclude in a particular instance, that omissions in municipal training constituted the "moving force" in bringing about the officer's unconstitutional conduct, notwithstanding the large number of intervening causes also at work up until the time of the constitutional harm, is a matter of speculation and conjecture. Accordingly, the Court should have granted Hartford's motion for summary judgment.

For its sixth claim, Hartford argues that the August 2 Ruling's reliance on the plaintiff's story regarding an Hartford Police Department ("HPD") officer hanging up on her when she allegedly, first attempted to report the assault some two months after it allegedly occurred, was

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

misplaced. (Hartford's 8/16/04 Mem. of Law, at 19-22) Under the rigorous standards governing Monell claims, the story does not justify denial of summary judgment for at least five reasons which are set forth in detail in Hartford's memorandum of law.

Moreover, the Court's reliance on Bordanaro v. McLeod, 871 F.2d 1151 (1st Cir. 1989) was also misplaced. The Court cited Bordanaro in support of its belief that the plaintiff's telephone operator story was probative even though it occurred after the alleged assault. A review of Bordanaro and the Supreme Court and Fifth Circuit cases it relied upon reveals that the post-event evidence that the First Circuit believed could shed light on what policies existed, involved conduct on the part of municipal policymakers, as only they could create a policy or custom and thereby trigger potential municipal liability. In the instant case, the alleged conduct of the unidentified telephone operator is irrelevant. This is particularly so given the fact that there is neither an allegation nor evidence that any Hartford policymaker had notice of the plaintiff's alleged initial attempt to report the alleged assault. Nor is there any allegation that the telephone operator was a Hartford policymaker with final policymaking authority. Accordingly, the plaintiff's story provides no support for her Monell claim and the Court should have entered summary judgment in favor of Hartford.

For its eighth claim, Hartford argues that in addition to the analysis under the standards established by Amnesty America and the Supreme Court to govern municipal liability under § 1983, the failure in the plaintiff's proof also required the entry of summary judgment on her failure to supervise/investigate/discipline claim under the specific case law analyzing such claims. (Hartford's 8/16/04 Mem. of Law, at 22-27) In the face of Hartford's undisputed

5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

evidence, the plaintiff cannot maintain a failure to supervise/investigate/discipline claim against Hartford. There is no evidence of a widespread pattern/custom of acquiescence or of complaints being disregarded. In fact, by her Local Rule 56(a)2 Statement, the plaintiff "admitted" that the HPD received fourteen complaints, that all of them were investigated and that discipline (including arrests) was imposed on several occasions. Thus, because the HPD investigated the complaints it received, there is no basis for finding deliberate indifference. Moreover, a <u>Monell</u> claim cannot be used as a vehicle for second guessing the results of past police investigations and disciplinary decisions.

For its ninth claim, Hartford contends that a detailed review of the decisions principally relied upon by the August 2 Ruling reveals that they in fact support the granting of Hartford's motion for summary judgment. (Hartford's 8/16/04 Mem. of Law, at 27-32)

For its tenth claim, Hartford argues that a thorough review of the decisions which have addressed efforts to impose liability on municipalities under § 1983 in situations involving allegations of sexual assaults by police officers or other municipal employees confirms that Hartford's motion for summary judgment should have been granted. (Hartford's 8/16/04 Mem. of Law, at 32-35) In particular, the Court's belief that the common sense rule articulated in <u>Walker</u> did not apply under "Second Circuit jurisprudence" was misplaced. Moreover, the Court's comments about the lack of evidence regarding Hartford's training and supervision policies raising "questions" about whether rouge officers felt they could prey on women with impunity was also misplaced. Under the common sense rule, a lack of certainty about what policies were actually in place is irrelevant. The plaintiff here is not alleging confused conduct

6

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

that would have been remedied by different training or supervision. She is alleging conduct, rape, which is a felony. As such, no amount of training could have prevented the intentional conduct. Further, to the extent the plaintiff maintains that she is alleging conduct that could have been corrected by training or supervision, it was her burden to produce evidence regarding such training or supervision and to demonstrate how Hartford's training and supervision was "obviously" deficient. She was also required to produce evidence that any such obvious deficiency caused her injuries. She produced nothing. Accordingly, the Court erred by not granting Hartford summary judgment under the common sense rule. (Hartford's 8/16/04 Mem. of Law, at 35-36)

For its eleventh claim, Hartford argues that the Court erred by misapplying the standard of review governing motions for summary judgment as articulated in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). (Hartford's 8/16/04 Mem. of Law, at 36-39) Under <u>Celotex</u> and Fed. R. Civ. P. 56(e), Hartford satisfied its burden on its motion for summary judgment by simply pointing out the absence of evidence to support the plaintiff's case. In order to avoid summary judgment, the plaintiff, as she conceded at pages 2-3 of her opposition memorandum, was required to produce evidence establishing a genuine issue of material fact. Given the complete failure in the plaintiff's proof and her admissions in her Local Rule 56(a) Statement, Hartford, as recognized under <u>Celotex</u>, had a right to have summary judgment entered in its favor.

Finally, if the Court does not agree with Hartford's arguments, it should at a minimum clarify its statements regarding two of the three <u>Walker</u> prongs being undisputed. The plaintiff did not cite <u>Walker</u> and did not submit any argument regarding its three-part test for deliberate

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

indifference. Nor did she submit any evidence on the issue. Thus, as Hartford did not concede these issues, the Court cannot make factual findings on them. If this case is submitted to a jury, that jury will have to make *de novo* findings on all aspects of the deliberate indifference issue.

**WHEREFORE**, for the foregoing reasons and those set forth in its memorandum of law, Hartford requests that the Court grant reconsideration and enter summary judgment in its favor.

    Respectfully submitted,

    **CO-DEFENDANT**
    **CITY OF HARTFORD**

By: *[signature]*
    James J. Szerejko, Esq.
    CT Fed. Bar No. 04326
    Eric P. Daigle, Esq.
    CT Fed. Bar No. 23486
    **HALLORAN & SAGE LLP**
    One Goodwin Square
    225 Asylum Street
    Hartford, CT  06103
    Tel: (860) 522-6103
    Fax: (860) 548-0006
    E-mail: szerejko@halloran-sage.com

    Its Attorneys

8

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 16th day of August, 2004, the foregoing was caused to be served via U.S. Mail, postpaid, to:

Angelo Cicchiello, Esq.
Law Offices of Angelo Cicchiello
364 Franklin Avenue
Hartford, CT 06114

William J. Melley III, Esq.
Law Offices of William J. Melley, III
250 Hudson Street
Hartford, CT 06106

                                         Eric P. Daigle

581188.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105