IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

YOLANDA SANTIAGO,
       Plaintiff      :       CIVIL ACTION NO.
        :       3:00-CV-2386 (WIG)
VS.

CITY OF HARTFORD,
HARTFORD POLICE DEPARTMENT,
OFFICER JULIO CAMACHO       :       SEPTEMBER 22, 2004

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S OBJECTION TO MOTION FOR RECONSIDERATION**

## I. BRIEF HISTORY

The plaintiff has instigated the present action against the above-named defendants for a violation of her civil rights pursuant to U.S.C. § 1983, arising from an incident wherein Officer Julio Camacho forced the plaintiff to perform sexual acts upon him under threat of arrest. The defendants City of Hartford and Hartford Police Department filed a Motion for Summary Judgment on September 18, 2003 seeking dismissal of the entire complaint as to these two defendants only. With no opposition from the plaintiff, the court granted the defendants' Motion as to all counts except Count Five which seeks to hold the defendant City of Hartford liable pursuant to § 1983. The defendant Hartford Police Department was dropped as a named defendant.

The defendant City of Hartford then filed its Motion for Reconsideration of the Court's decision arguing that (1) the court overlooked recent caselaw which would alter its decision and (2) the court incorrectly applied the summary judgment standard. The plaintiff now objects to this motion on the basis that (1) the court's decision in <u>Amnesty America</u> does not affect this court's ruling on the defendant's motion for summary judgment; and (2) the defendant has misconstrued the court's correct application of the summary judgment burdens to the present case.

## II.  ARGUMENT

The standard for granting a Motion for Reconsideration is very strict. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion shall be denied "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. (citing Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). A Motion for Reconsideration should only be used to present the court with the "opportunity to correct manifest errors of law or fact or to consider newly discovered evidence . . . " Weinstock v. Wilk, Civil No. 3:2cv1326 (D. Conn. Feb. 25, 2004) (citing LoSocco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (internal quotations omitted). A Motion for Reconsideration is not a vehicle for a party to argue an alternative position, nor should a party use this motion to relitigate an issue which has already been decided. Id. (citing Shrader, 70 F.3d at 257.

### A.  The Motion for Reconsideration should be denied since the Second Circuit's decision in Amnesty America does not affect or alter the present court's decision.

This Court has held that a genuine issue of material fact exists with respect to whether the defendant City of Hartford failed to train and/or supervise its police officers after encountering a series of abuses of power and sexual misconduct by the City of Hartford's police officers over a five year period. In Amnesty America v. Town of West Hartford, unlike the present case, the plaintiff's based their § 1983 excessive force claim on only two incidents: a demonstration at which excessive force was complained of by the demonstrators, and a second demonstration in which excessive force was again allegedly utilized. The Second Circuit held that the plaintiff's failure to train claim could not survive summary judgment since there was no evidence regarding the training the Town provided to its officers *between the two demonstrations* to evidence a training deficiency as the cause of the use of excessive force.

The present case is factually distinguishable from Amnesty America in at least two important aspects: First, while Amnesty America based its holding on evidence of only two discreet events of excessive force, the present case is based on a five year history with at least *fourteen* separate instances of complaints of sexual misconduct committed by the City of Hartford's officers. Motion for Summary Judgment, Exhibit C, Affidavit of Neil Drye, Lines 6, 8. Therefore, the present Court appropriately followed the reasoning of Walker v. City of New York, which explained that where a plaintiff can produce "*some* evidence that policymakers were aware of a pattern [of misconduct] by police officers but failed to institute appropriate training or supervision, his claim can survive summary judgment." 974 F.2d 293, 300 (2d Cir. 1992).

Second, while there was no evidence of training of any kind submitted in Amnesty America, the defendant in the present case has admitted that the only action taken in response to these complaints were investigations into the *individual* complaint which, if the City was satisfied the allegations were true, would then result in discipline against the *individual*. The City took no other action to address this *history* of abuse and took no measures to prevent incidents of sexual misconduct and abuse of authority in the future. Moreover, during the discovery process, the defendant City of Hartford was asked whether it took any action to prevent incidents of misconduct in the future and, if so, what the actions were. The City responded only that certain officers were charged with sexual misconduct, that each was investigated, and that discipline was administered to the individual officer if the IAD felt the complaints were substantiated. See Exhibit A, attached hereto. Therefore, unlike the facts in Amnesty America, evidence has been submitted in support of plaintiff's failure to train/supervise claim against the City and that decision would not alter the outcome of the Court's decision in the present case.[1]

---

[1] To the extent that the remainder of defendant City of Hartford's argument in its Motion for Reconsideration merely rehashes its original arguments set forth in its Motion for Summary Judgment, and to the extent that such arguments merely relitigate such issues, the plaintiff does not address the same since: (1) relitigation is inappropriate on a motion for

In addition, the Amnesty America court's holding applied only to the plaintiffs' failure to train claim. As the present plaintiff has alleged both a failure to train and a failure to supervise, and as the Court has not dismissed its failure to supervise claim, this claim remains viable regardless of the Amnesty America decision on the failure to train claim. Moreover, contrary to defendant's assertion, the Second Circuit did not analyze the failure to supervise claim in the same manner as the failure to train claim. Instead, the plaintiffs' allegations that the Chief of Police was aware of the use of excessive force were sufficient to support deliberate indifference, thereby resulting in denial of summary judgment as to that claim. 361 F.3d 113, 128 (2d Cir. 2004). The same situation is present in the instant case since, after documenting at least fourteen incidents of sexual misconduct, the City of Hartford took no action other than an individual investigation into each complaint. As such, whether this lack of further action on the part of the City constituted deliberate indifference remains a question of fact for the jury to decide.

**B.    The Court correctly applied the summary judgment standard thereby disqualifying its decision from reconsideration.**

With respect to summary judgment motions, the burden is on the moving party to demonstrate the absence of any material fact in dispute. This genuine issue of material fact cannot be maintained by mere conclusory allegations *or denials*. Szekeres v. Schaeffer, No. 3:01 cv 2099 (MRK) (D. Conn.)(Mar. 26, 2004). In the present case, the plaintiff has alleged that the defendant City of Hartford has failed to supervise and/or train its police officers which resulted in a deprivation of the plaintiff's constitutional rights pursuant to § 1983. This allegation is supported in the record by the defendant's admission that it took no other action except to investigate the individual complaints and then, only if they felt it was warranted, would they issue discipline to the individual officer against whom the complaint was made. The defendant, however, has merely denied this allegation regarding training and

---

reconsideration; Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995) and (2) the Court has adequately addressed these arguments and issues in its decision on the Motion for Summary Judgment.

supervision and has offered no other proof than that described above, which evidences a complete lack of response to a department-wide epidemic of abuse of power and sexual misconduct other than to address each complaint on an individual basis.

The United States Supreme Court has made clear that a municipality may be held liable for failing to train its employees only when such failure or inadequacy of training amounts to the municipality's *deliberate indifference* to the rights of individuals with whom the employees have contact. City of Canton v. Harris, 489 U.S. 378, 392 (1989). This deliberate indifference may be shown where "the police . . . so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need." Id. at 390 n.10.

In the present case, all of the evidence submitted to the court indicates that the City of Hartford took no action to address the complaints of sexual misconduct against its officers other than an investigation into the individual allegation which *sometimes* led to a disciplinary action against that individual officer. The City of Hartford took no other action to ensure its police department, as a whole, would not engage in sexual misconduct, i.e., the City of Hartford failed to train its officers in this deficiency which was obviously lacking given the number of complaints in a short span of time. As such, it properly remains a disputed issue of material fact whether or not the City's failure to take any other action in addition to individual investigations caused the plaintiff to be deprived of her constitutional rights.

### III. CONCLUSION

Since the Second Circuit's decision in <u>Amnesty America</u> does not alter the Court's decision in the present case, and since the Court committed no other manifest error of law, the plaintiff respectfully requests the Court to refrain from allowing the defendant City of Hartford to relitigate the issues already decided, and deny its Motion for Reconsideration.

Respectfully submitted,

**PLAINTIFF
YOLANDA SANTIAGO**

By: _____
Angelo Cicchiello, Esq.
CT Fed. Bar No. 06503
Law Offices of Angelo Cicchiello
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0576

## **CERTIFICATION**

    This is to certify that on this 23rd day of September, 2004, the foregoing was sent via U.S. Mail, postpaid, to:

Eric P. Daigle, Esq.
James J. Szerejko, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

William J. Melley III, Esq.
Law Offices of William J. Melley, III
250 Hudson Street
Hartford, CT 06106

                                                                                Angelo Cicchiello

# EXHIBIT A

3.   Did the City of Hartford or Hartford Police Department receive any reports of police misconduct by Julio Camacho in the five years prior to December 1997?

**ANSWER:   Yes.**

4.   If yes, did any of the complaints involve allegations of sexual misconduct by Julio Camacho?

**ANSWER:   Yes.**

5.   Did the City of Hartford or Hartford Police Department receive any reports of sexual misconduct by its police officers towards civilians, detainees, arrestees, during the five years prior to December 1997?

**ANSWER:   Yes.**

6. If yes, please state whether an investigation was conducted into said complaints, the results of the investigation; and whether corrective action was taken by the City of Hartford or Hartford Police Department to prevent incidents of sexual misconduct by police officers in the future.

**ANSWER:**

| File # | Date | Officer | Allegation | Disposition |
|---|---|---|---|---|
| I-93-12 | 05/20/93 | Officer K. Jones | Sex Assault | Arrest (6/93) |
| I-93-14 | 06/01/93 | Lt. M. Manzi | Sex Assault | Not Sustained |
| I-93-17 | 09/10/93 | Officer J. Nunes | Sex Assault | Arrest (10/93) |
| I-94-6 | 01/31/94 | Off. J. Camacho | Sex Assault | No Action (7/94) |
| I-94-10 | 02/18/94 | Unknown | Sex Assault | Closed - Sent to CAPERS |
| I-94-20 | 07/05/94 | Officer H. Pusey | Sex Assault | Advocate (9/94) |
| I-94-33 | 11/12/94 | Officer A. Ranaldi | Sex Contact | Closed (5/95) |
| I-94-36 | 11/28/94 | Officer Beauchamp | Sex Favors | Closed (5/96) |

One Goodwin Square
225 Asylum Street

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006