IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YOLANDA SANTIAGO, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:00-CV-2386 (WIG) |
| VS. | : | |
| | : | |
| CITY OF HARTFORD, | : | |
| HARTFORD POLICE DEPARTMENT, | : | |
| OFFICER JULIO CAMACHO, | : | |
|     Defendants. | : | OCTOBER 7, 2004 |

### CITY OF HARTFORD'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7(d), the co-defendant, the City of Hartford, submits this reply memorandum of law in further support of its motion for reconsideration of the Court's August 2, 2004 Ruling. For the reasons set forth below and in Hartford's initial memorandum, the Court should grant reconsideration and enter summary judgment in favor of Harford.

**I.    THE PLAINTIFF'S CLAIMS**

By her memorandum of law, the plaintiff asserts six claims in opposition to Hartford's motion. Each of them is without merit.

First, the plaintiff claims that the Court has properly "held that a genuine issue of material fact exists with respect to whether … Hartford failed to train and/or supervise its police officers after encountering a series of abuses of power and sexual misconduct…." (Pl.'s Mem., at 2) Second, she claims that <u>Amnesty America v. Town of West Hartford</u>, 361 F.3d 113 (2d Cir. 2004) is "factually distinguishable." In support of her second claim, the plaintiff maintains that the Second Circuit's decision in <u>Amnesty America</u> "based its holding on evidence of only two

**ORAL ARGUMENT REQUESTED**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discreet events," while this case is based on "at least fourteen separate…complaints…." (Id. at 3 (emphasis omitted))[1]  In support of her second claim, the plaintiff also contends that while there was no evidence in Amnesty America, "the defendant in present case has admitted that the only action taken in response to these complaints were investigations into the individual complaint which, if the City was satisfied the allegations were true, would then result in discipline against the individual."  (Id.)

For her third claim, the plaintiff argues that the Second Circuit's analysis of the failure to supervise claim in Amnesty America was different than its analysis of the failure to train claim. (Id. at 4)  Specifically, she contends that the plaintiff's "allegations that the Chief of Police was aware of the use of excessive force were sufficient" to preclude summary judgment in Amnesty America.  (Id.)  Thus, in the instant case, the plaintiff argues that the lack of "further action" on the part of Hartford, other than "an individual investigation into each complaint" creates a question of fact regarding deliberate indifference.  (Id.)

For her fourth claim, the plaintiff contends that the August 2 Ruling properly followed the reasoning in Walker v. City of New York, 974 F.2d 293, 300 (2d Cir. 1992).

For her fifth claim, the plaintiff argues that under Rule 56, the "burden is on the moving party to demonstrate the absence of any material fact in dispute."  (Id.)  In support of this claim, the plaintiff maintains that her allegations regarding failure to train and/or supervise are supported by

> the defendant's admission that it took no other action except to investigate the individual complaints and then, only if they felt it was warranted, would they issue discipline to the individual officer against whom the complaint was made.  The defendant, however,

---

[1]   The plaintiff ignores the fact that not all of the complaints involved sexual assaults and that not all of the complaints were sustained.  (Ex. C., Dryfe Aff. ¶¶ 6-10)

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

>   has merely denied this allegation regarding training and supervision and has offered no other proof…, which evidences a complete lack of response to a department-wide epidemic…other than to address each complaint on an individual basis.

(Id. at 4-5)

For her final claim, the plaintiff, in a footnote, maintains that the remainder of Hartford's arguments are merely "rehash[ing]" its arguments from its initial motion.

## II. THE PLAINTIFF'S CLAIMS ARE WITHOUT MERIT

The plaintiff's first claim has no basis in the record. A review of the August 2 Ruling reveals that the Court never held that the plaintiff had established the existence of a genuine issue of disputed material fact. What the Court did was recognize that there was "no evidence" in the record and "reserved" issues for the jury. As demonstrated in Hartford's initial memorandum, under the law governing claims under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) and the law governing summary judgment under Rule 56, based on the Court's conclusions in the August 2 Ruling, Hartford is entitled to summary judgment in this case. A plethora of case law recognizes that in the absence of evidence from a plaintiff, a municipality is entitled to summary judgment on a Monell claim. (Hartford's 8/16/04 Mem., at 15-16 nn. 7-8)

The plaintiff's second claim is similarly misplaced. The Court need only read Amnesty America to conclude that it supports the entry of summary judgment in favor of Hartford. The plaintiff's statements notwithstanding, the Second Circuit's holding was not based on two discreet events. Rather, the Second Circuit held that:

>   It is ***impossible to prevail*** on a claim that the Town's training program was inadequate ***without any evidence*** as to whether the Town trained its officers between the two demonstrations, how the training was conducted, how better or different training could have prevented the challenged conduct, or how 'a hypothetically well-trained officer would have acted under the circumstances' to

3

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> remove passively resisting protestors….Moreover, ***plaintiffs have provided no evidence*** tending to rule out those causes of the excessive force that would not support municipal liability, such as the negligent administration of a valid program, or one or more officers' negligent or intentional disregard of their training, and therefore no reasonable factfinder could conclude that the excessive force occurred as a result of training deficiencies….***Because plaintiffs have failed to raise an inference*** that the police were improperly trained and that this training caused them to use excessive force, we affirm the district court's grant of summary judgment as to this theory of municipal liability.

Amnesty America, 361 F.3d at 130-31 (emphasis added).

The plaintiff's claim that Hartford "admitted" that the only action it took was individual investigations has no basis in the record. As the Court recognized in its August 2 Ruling, there is no evidence in the record regarding Hartford training programs. (8/2/04 Ruling, at 7, 17, 19) What the Court overlooked was that it was the plaintiff's burden to establish: the specifics of Hartford's training programs, any inadequacies in those programs and that the inadequacies "caused" the alleged injuries. See City of Canton v. Harris, 489 U.S. 378, 390-91 (1989). The complete failure in the plaintiff's evidence does not constitute an admission by Hartford. Rather, it mandates the entry of summary judgment in favor of Hartford. See Berdugo v. City of New York, 2004 WL 1900357, at *5 (S.D.N.Y. Aug. 24, 2004).

With regard to the plaintiff's third claim, her effort to distinguish Amnesty America's analysis of the failure to supervise claim is misplaced. Contrary to the plaintiff's statement, Amnesty America did not hold that the plaintiffs' allegations were sufficient to preclude summary judgment on the failure to supervise claim. Specifically, the Second Circuit noted that the plaintiffs had

> ***proffered ample evidence*** from which a reasonable factfinder could conclude that the necessity for more supervision was glaringly obvious at both demonstrations and that [Chief] McCue

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> ignored the alleged constitutional violations in progress. ***Plaintiffs' proffered affidavits***, if credited, establish that at both demonstrations, police officers inflicted severe pain on arrestees and made comments suggesting that they intended to inflict pain, and that continuous screams of pain punctuated the demonstrations. Thus, plaintiffs' evidence would allow a reasonable factfinder to conclude that violence did not occur as an isolated instance, involving a few protesters and officers in one physical location, but that it permeated the entire arrest scene. Given this environment, a factfinder could infer from McCue's presence at the demonstrations that he must have witnessed the violence and heard the screams. Plaintiffs also aver that, during the second demonstration, McCue not only observed, but actually encouraged and supervised some of the alleged brutal treatment of the arrestees,….

Amnesty America, 361 F.3d at 127-28 (emphasis added).

Thus, Amnesty America confirms that in order to prevail on a failure to supervise claim, a plaintiff must produce evidence that a municipal policymaker ignored complaints of misconduct. See Wilson v. City of Chicago, 6 F.3d 1233, 1240 (7th Cir. 1993) (Posner, C.J.); Jones v. Ziegler, 894 F.Supp. 880, 890-91 (D. Md. 1995), aff'd 104 F.3d 620 (4th Cir. 1997). See also Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004). Here, it is undisputed that the plaintiff produced no such evidence. To the contrary, she concedes that ***all*** of the complaints were investigated and that discipline was imposed when the investigations concluded that it was warranted. What the plaintiff and the Court overlook is that the undisputed investigation of all the complaints and the imposition of discipline mandates the entry of summary judgment in favor of Hartford.

Similarly, a review of the record belies the plaintiff's statement that "during the discovery process, … Hartford was asked whether it took any action to prevent incidents of misconduct in the future and, if so, what the actions were" and that Hartford "responded only that certain officers were charged with sexual misconduct, that each was investigated, and that

5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discipline was administered to the individual officer if the IAD felt the complaints were substantiated." In particular, a review of Exhibit A to the plaintiff's memorandum reveals that neither the interrogatory posed to Hartford nor its response resembles the alleged question and answer contained in the plaintiff's memorandum.[2] Thus, contrary to the plaintiff's claim, she has not submitted evidence in support of her failure to train/supervise claims against Hartford.

The plaintiff's fourth claim ignores the actual language in Walker and the Second Circuit's clarification of Walker in Amnesty America, 361 F.3d at 130 n.10. Walker commented that the common sense rule might not apply where policymakers "where aware of a pattern of perjury by police officers ***but failed to institute appropriate training or supervision***…" 974 F.2d at 300 (emphasis added). In the instant case, the plaintiff ignores the common sense rule and the Court does not address how the rule does not apply under the undisputed facts of this case. In fact, the rule does apply because the Court has recognized that the plaintiff submitted no evidence regarding Hartford's training; let alone evidence of any deficiencies in that training or evidence that any alleged deficiency caused the injuries. (8/2/04 Ruling, at 7, 17, 19) With regard to the failure to supervise claim, it is undisputed that ***all*** of the complaints were investigated and discipline was imposed. Thus, summary judgment is mandated. See Berdugo, supra, at *5 (granting summary judgment and noting that Walker test is not satisfied by conclusory allegations). The plaintiff and the Court also overlook the fact that even assuming the plaintiff or others were injured, that does not constitute evidence of either inadequate training or supervision; let alone evidence that an adequacy caused the injury. The Constitution does not

---

[2] Moreover, Hartford has filed a motion to strike Exhibit A because its filing is an improper attempt by the plaintiff to supplement the summary judgment record. The plaintiff has cited no authority that allows for the submission of additional exhibits in connection with a motion for reconsideration. As such, the Court should strike Exhibit A and disregard it.

6

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

require municipalities to guarantee the safety of citizens.  See DeShaney v. Winnebago County Dep't. of Soc. Servs., 489 U.S. 189 (1989); Warren, 353 F.3d at 39.  Thus, there is no basis for a jury to conclude that Hartford had an inadequate training program or inadequate supervision.[3]

The Court need only read Celotex Corp. v. Catrett, 477 U.S. 317, 322-25 (1986), which the plaintiff cited in her November 11, 2003 memorandum, to conclude that the plaintiff's fourth claim is without merit.  The plaintiff's statements notwithstanding, Hartford has not admitted that it took no action other than investigating individual complaints.  As the August 2 Ruling recognizes, there is no evidence regarding training in the record.  Under Rule 56, Monell and Celotex, the plaintiff had the burden to produce that evidence in opposition to Hartford's summary judgment motion.  Moreover, contrary to the plaintiff's statement, all Hartford had to do was deny the failure to train and supervise allegations.  The plaintiff was obligated to produce evidence in response to those denials.  Absent such evidence, Rule 56, Monell and Celotex mandate the entry of summary judgment in favor of Hartford.

The plaintiff's final claim is similarly without merit.  Her claim, including her discussion of a portion of the standard of review granting motions for reconsideration, simply ignores Hartford's detailed analysis of the law governing Monell claims in general and claims of the specific nature involved in this case.  A review of that detailed analysis reveals that the August 2 Ruling is in error and that the entry of summary judgment is appropriate.  See United Tech. Corp. v. American Home Assur. Co., 237 F.Supp. 2d 168, 170-71 (D. Conn. 2001) (reconsideration is appropriate to correct a clear error of law or to prevent a manifest injustice). For example, the plaintiff is silent as to Amnesty America's clarification of Walker.  (Hartford's

---

[3] Moreover, the plaintiff has not identified any experts.  (Ex. B., Pl.'s Resp. to Hartford's Interog. No. 10)  Thus, any jury finding regarding any alleged inadequacy would amount to pure speculation.  Such a result is precluded by Monell and Rule 56.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

8/16/04 Mem., at 7, 13-19, 35-36)  She is also silent on Hartford's extended analysis of the Second Circuit's decisions in <u>Jeffes v. Barnes</u>, 208 F.3d 49 (2d Cir. 2000) and <u>Vann v. City of New York</u>, 72 F.3d 1040 (2d Cir. 1995).  By its analysis of those decisions, Hartford demonstrated the stark contrast between the substantial evidence produced by the plaintiffs in those cases and the complete failure of evidence submitted by the plaintiff in this case.  The plaintiff also has not challenged Hartford's analysis of either the application of the common sense rule or its analysis demonstrating that the Court's reliance on the plaintiff's operator story was misplaced.  Nor does she challenge Hartford's analysis which demonstrates that she has not produced any evidence with regard to causation and that a municipality can only be potentially liable where a policymaker ignores complaints.  In this case, it is undisputed that Hartford investigated all complaints and imposed discipline.  Thus, Hartford is entitled to summary judgment on all of the plaintiff's claims.  <u>See</u> <u>Wilson</u>, 6 F.3d at 1240; <u>Jones</u>, 894 F. Supp. at 890-91.  <u>See</u> <u>also</u> <u>Warren</u>, 353 F.3d at 39.

     In sum, the plaintiff has produced no evidence of any improper conduct or omission by Hartford.  In other words, she has no established an official policy or custom.  Absent such evidence and such a showing, all of the plaintiff's <u>Monell</u> claims fail as a matter of law.  <u>See</u> <u>Amnesty America</u>, 361 F.3d at 125 ("demonstrating that the municipality itself caused or was implicated in a constitutional violation is the touchstone….").  By allowing this case to be submitted to a jury, the Court is exposing Hartford to the *respondeat superior* liability prohibited under <u>Monell</u> and its progeny.  Accordingly, reconsideration is warranted and the Court should enter summary judgment in favor of Hartford.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CONCLUSION

For the foregoing reasons and those set forth in Hartford's August 16, 2004 memorandum, the Court should enter summary judgment in favor of Hartford.

Respectfully submitted,

**CO-DEFENDANT
CITY OF HARTFORD**

By: _____
James J. Szerejko, Esq.
CT Fed. Bar No. 04326
Eric P. Daigle, Esq.
CT Fed. Bar No. 23486
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Tel:  (860) 522-6103
Fax: (860) 548-0006
E-mail:  szerejko@halloran-sage.com

Its Attorneys



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

  This is to certify that on this 7th day of October, 2004, the foregoing was caused to be served via U.S. Mail, postpaid, to:

Angelo Cicchiello, Esq.
Law Offices of Angelo Cicchiello
364 Franklin Avenue
Hartford, CT 06114

William J. Melley III, Esq.
Law Offices of William J. Melley, III
250 Hudson Street
Hartford, CT 06106

_____
Eric P. Daigle

600190.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105